KIM G. BRUNO (*pro hac vice*)
KATHLEEN M. BANAR (*pro hac vice*)
U.S. Commodity Futures Trading Commission
1155 21st Street N.W.
Washington, D.C. 20581
Telephone (202) 418-5000
Facsimile (202) 418-5531
E-mail:  kbruno@cftc.gov
              kbanar@cftc.gov
Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission

PRESTON DUFAUCHARD
California Corporations Commissioner
ALAN S. WEINGER
Acting Deputy Commissioner
BLAINE A. NOBLETT (Cal. Bar. No.235612)
Corporations Counsel
Enforcement Division
320 West 4th St., Ste. 750
Los Angeles, CA 90013-2344
Telephone (213) 576-1396
Facsimile (213) 576-7181
E-mail: bnoblett@corp.ca.gov

Attorneys for Plaintiff Commissioner of Corporations
of the State of California

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

_____ )
                                         )
U.S. COMMODITY FUTURES                   )
TRADING COMMISSION and THE               )
COMMISSIONER OF CORPORATIONS             )
OF THE STATE OF CALIFORNIA               )
                                         )   CIV. ACTION NO.  SACV08-965-AHM (SSx)
              Plaintiffs,                )
                                         )   CONSENT FINAL ORDER OF
        v.                               )   PERMANENT INJUNCTION,
                                         )   CIVIL MONETARY
JINSUP CHOI a/k/a GENE CHOI              )   PENALTY AND OTHER
d/b/a FUTURES INVESTMENT GROUP,          )   EQUITABLE RELIEF
                                         )
_____Defendant._____ )

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

1

2  KENT A. KAWAKAMI  (Cal. Bar No. 149803)
   Assistant United States Attorney
3  United States Attorney's Office
   Central District of California
4  300 N. Los Angeles St., #7516
   Los Angeles, CA 90012
5  Telephone (213) 894-4858
   Facsimile (213) 894-2380
6  E-mail:  Kent.Kawakami@usdoj.gov

7  Local Counsel

8

9                        **<u>INTRODUCTION</u>**

10        On August 27, 2008, Plaintiffs, the Commodity Futures Trading Commission ("CFTC"

11 or "Commission") and the Commissioner of Corporations of the State of California ("State of

12 California") (collectively, "Plaintiffs"), filed a Complaint against Jinsup Choi a/k/a Gene Choi

13 doing business as Futures Investment Group ("Choi" or "Defendant").  The Complaint seeks a

14 permanent injunction, a civil monetary penalty, and other equitable relief for violations of the

15 Commodity Exchange Act, as amended ("CEA"), 7 U.S.C. §§ 1 *et seq.* (2006), and the

16 California Commodity Law of 1990 ("CCL"), Sections 29500, *et seq.* of the California

17 Corporations Code.  Specifically, the Complaint alleges that, from at least June 2002 through

18 April 2007 ("relevant period"), the Defendant violated Sections 4b(a)(2)(i)-(iii) of the CEA, 7

19 U.S.C. §§ 6(b)(a)(2)(i)-(iii) (2006), and Section 29536 of the California Corporations Code by,

20 among other things, fraudulently soliciting members of the retail public in connection with

21 futures contracts ("futures") and, thereafter, stealing the customers' monies.

22

23

24

25

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

## I.   <u>CONSENTS AND AGREEMENTS</u>

1.      In order to  effect settlement of the matters alleged in the Complaint in this action without a trial on the merits or further judicial proceedings, Defendant:

2.      Consents to the entry of this Consent Final Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief ("Order");

3.      Affirms that he has read this Order and agrees to this Order voluntarily, and that no promise or threat of any kind has been made by the CFTC or the State of California, or any member, officer, agent, or representative thereof, or by any other person, to induce his consent to this Order;

4.      Acknowledges service of the summons and Complaint;

5.      Admits that this Court has personal and subject matter jurisdiction over him and the subject of this action pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1, and the CCL, Sections 29500, *et seq.* of the California Corporations Code;

6.      Admits that venue properly lies with this Court pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1, and 28 U.S.C. § 1391;

7.      Waives:

a.      Any and all claims that he may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), and Part 148 of the Commission Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2008), relating to or arising from, this action;

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

b.      Any and all claims that he may possess under the Small Business Regulatory Enforcement Act, Pub. L. 104-121, Subtitle B, Section 223, 110 Stat. 862-63 (March 29, 1996), relating to, or arising from, this action;

c.      The entry of findings of fact and conclusions of law in this action pursuant to Rule 52 of the Federal Rules of Civil Procedure, except as provided below in Section II;

d.      Any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

e.      Any and all rights of appeal in this action;

8.      Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case, even if Defendant now or in the future resides outside the jurisdiction;

9.      Agrees that neither he nor his agents, employees or representatives under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact and Conclusions of Law contained in this Order, or creating or tending to create the impression that the Complaint or this Order are without a factual basis; provided, however, that nothing in this provision shall affect Defendant's: (i) testimonial obligations, or (ii) right to take legal positions in other proceedings to which the Commission or the State of California is not a party.  Defendant shall undertake all steps necessary to assure that his agents, employees and representatives understand and comply with this agreement;

10.     In consenting to the entry of this Order, Defendant admits all of the allegations of the Complaint and the Findings of Fact and the Conclusions of Law contained in this Order.

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

Defendant further agrees, and the parties to this Order intend, that the allegations of the Complaint and the Findings of Fact and Conclusions of Law made by this Court and contained in Section II of this Order shall be taken as true and correct and be given preclusive effect without further proof in any proceeding in bankruptcy relating to Choi; any proceeding to revoke, restrict, or condition the Defendant's registration or attempt to register under the CEA; or any proceeding to enforce the terms of this Order.  Defendant also shall provide immediate notice of bankruptcy filed by, on behalf of, or against him by certified mail, in the manner required by Section V, Part 2 of this Order; and

11.     No provision of this Order shall in any way limit or impair the ability of any person to seek any legal or equitable remedy against Defendant or any other person in any other proceeding.

## II.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

12.     This Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay.  This Court therefore directs the entry of Findings of Fact, Conclusions of Law, a permanent injunction, civil monetary penalty, and other equitable relief pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1, the CCL, Sections 29500, *et seq.* of the California Corporations Code, as set forth herein.

### A.     Findings of Fact
### The Parties

13.     Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged with responsibility for administering and enforcing the provisions of the CEA, 7 U.S.C. §§ 1 *et seq.*, and the regulations promulgated thereunder

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2008).  The CEA and its Regulations establish a comprehensive system for regulating the solicitation for, and/or the purchase and sale of, futures.

14.     Plaintiff Commissioner of Corporations of the State of California, through Preston DuFauchard, Corporations Commissioner, is empowered by legislative enactment to protect the people of the California from unlawful commodity transactions and activities.

15.     Defendant Choi resides in Orange, California.  He is, and was at all times relevant herein, doing business as Futures Investment Group ("FIG").  During the relevant period, Choi was not registered in any capacity with the CFTC.

## Choi's Sales Solicitations and Theft of Customer Funds

16.     During the relevant period, the Defendant solicited more than 83 individuals in around the Los Angeles, California area to purchase futures.

17.     The "Client Agreement" signed by Choi's customers provided, in pertinent part, that "FIG will make trades on Client's behalf in futures/Currency Market."

18.     Choi solicited members of the retail public to send him money purportedly to purchase futures by, among other things:

a.     falsely guaranteeing customers that he could earn eight to ten percent profit per month trading in futures and that they would split evenly such profits;

b.     falsely promising customers that he could reduce their risk of loss to ten percent by employing a ten percent stop-loss on each investment such that an individuals' potential loss would not exceed ten percent of the investment; and

c.     falsely representing to customers that their funds would be pooled with the funds of other customers for the purpose of engaging in futures trading.

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

19.     Choi solicited customers to send funds to domestic bank accounts under his control, including accounts at Wells Fargo Bank in Los Angeles, California.

20.     As a result of his solicitations, Choi received and accepted approximately $19,000,000 to purportedly purchase futures contracts.

**The Ponzi Scheme**

21.     In fact, the vast majority of the money Choi solicited and received from the retail public was never used by Choi to purchase futures.  Rather, Choi invested only $1.8 million of the customers' money, and none of that money was used in the futures markets.

22.     To lull customers into a false sense of security that their funds were secure and not at risk and to prevent customers from complaining to federal and/or state authorities, Choi mailed false account statements to his customers.  Those account statements, prepared by Choi, falsely stated that the customers' trading accounts had increased in value.

23.     In fact, Choi did not generate any profits from engaging in futures transactions. Rather, Choi conducted a large "Ponzi" scheme by paying alleged interest and profits to customers with monies paid to Choi by other customers, instead of from profits generated by Choi's investments.  Nonetheless, Choi falsely told customers that the interest and profits paid to them were generated from his futures transactions.

24.     In addition, Choi used customers' monies to purchase, without the customers knowledge or consent, jewelry, luxury automobiles, a yacht, and a home, among other personal items and services, to support his lavish lifestyle.

25.     As a result, customers' "invested" with Choi approximately $19 million to purchase futures and Choi paid back to older investors in fictitious "profits" approximately $9

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

million from new investor money. Thus, the overall loss as a result of the scheme is $10,035,614.

**B.** **Conclusions of Law**

**Jurisdiction and Venue**

26. This Court has jurisdiction over this action pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1 (2006).

27. This Court also has jurisdiction over the subject matter of this action and all parties hereto, including the State of California, pursuant to Section 6d(1) of the CEA, 7 U.S.C. § 13a-2. Hence, jurisdiction is also appropriate pursuant to the CCL, Sections 29500, *et seq.* of the California Corporations Code.

28. Venue properly lies with this Court pursuant to Section 6c(e) of the CEA, 7 U.S.C. § 13a-1(e), and 28 U.S.C. § 1391 because the Defendant resides in and transacted business in the Central District of California, and the acts and practices in violation of the CEA occurred within this District, among other places.

29. This Court has personal jurisdiction over the Defendant, who acknowledges service of the Complaint and consents to the Court's jurisdiction over him.

**Violations of the CEA and California Corporations Code**

30. By the conduct described in Section II.A above, Choi violated Sections 4b(a)(2)(i)-(iii) of the CEA, 7 U.S.C. §§ 6b(a)(2)(i)-(iii), and Sections 29520 and 29536 of the California Corporations Code.

31. Under the totality of the circumstances, there is a reasonable likelihood of future violations of the CEA and/or California law by the Defendant. Therefore, a permanent injunction should issue in this action.

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

32.     Under the totality of the circumstances, and based upon principles of equity, there is good cause for entry of an order directing the Defendant to make restitution to customers, and barring him from registering, trading, soliciting customers or engaging in any investment advisory business, as specifically set forth below.

33.     There is good cause for entry of any order requiring the Defendant to pay a civil monetary penalty.

## III.   ORDER FOR PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

1. Choi is permanently restrained, enjoined, and prohibited from in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof—(i) to cheat or defraud or attempt to cheat or defraud such other person; (ii) willfully to make or cause to be made to such other person any false report or statement thereof, . . .[or]; (iii) willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract or disposition or execution of any such order or contract, or in regard to any act of agency performed with respect to such order or contract for such person including but not limited to:

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

a.      misappropriating customer funds;

b.      soliciting, receiving, or accepting any funds in connection with the purchase or sale of futures;

c.      making misrepresentations to customers or prospective customers regarding the profit potential of trading futures;

d.      making misrepresentations to customers or prospective customers downplaying the risk of trading futures; and

e.      issuing statements or reports to customers or prospective customers concerning futures trading; in violation of Section 4(b)(a)(2)(i)-(iii)of the CEA, 7 U.S.C. § 6b(a)(i)-(iii) (2006).

2.   Choi shall be permanently restrained, enjoined, and prohibited from engaging in conduct in violation of Section 29536 of the California Corporations Code by willfully (i) employing any device, scheme, or artifice to defraud, (ii) making any false report, entering any false record, making any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of circumstances under which they were made, not misleading, (iii) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit upon any persons, or (iv) willfully misappropriating or converting the funds, security, or property of any other person, in connection with the purchase or sale of, the offer to sell, the offer to purchase, the offer to enter into, or the entry into, a commodity, commodity contract, or commodity option.

3.   Choi shall be permanently restrained, enjoined and prohibited from directly or indirectly:

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

a.  trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the CEA, 7 U.S.C. Section 1a(29);

b.  engaging in, controlling, or directing the trading of any commodity interest accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

c.  soliciting or accepting funds from any person or entity, whether by power of attorney or otherwise, for the purpose of engaging in, controlling, or directing the trading of any commodity interest accounts for or on behalf of any other person or entity ; and

d.  entering into any commodity interest transactions for his own personal account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf;

e.  engaging in any business activities related to commodity interest trading; and

f.  applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or acting as a principal, agent, officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in Commission Regulation 4.14 (a)(9), 17 C.F.R. §4.14(a)(9) (2008).

4.  The injunctive provisions of this Order shall be binding upon Choi, and upon any person insofar as he is acting in the capacity of officer, agent, servant, employee, or attorney of Choi, and upon any person who receives actual notice of this Consent Order, by personal

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

service or otherwise, insofar as he or she is acting in active concert or participation with Choi.

## IV. <u>RESTITUTION, CIVIL MONETARY PENALTY, AND OTHER ANCILLARY RELIEF</u>

**IT IS FURTHER ORDERED THAT**:

A. <u>**Restitution**</u>

1.    Choi shall pay restitution in the amount of $10,035,614, plus post-judgment interest (the "Restitution Obligation").  Post-judgment interest shall accrue commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry this Order pursuant to 28 U.S.C. § 1961.

2.    To effect payment by Choi and distribution of restitution, the Court continues the appointment of the Natural Futures Association ("NFA") as Monitor ("Monitor").  The Monitor shall collect restitution payments from Choi, and make distributions as set forth below.  Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, the Monitor shall not be liable for any action or inaction arising from the Court's appointment as Monitor, other than actions involving fraud.

3.    Choi shall make restitution payments under the Order in the name of "Choi Settlement Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under a cover letter than identifies Choi and the name and docket number of the proceeding.  Choi shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

Commission, Three Lafayette Centre, 1152 21st Street, N.W., Washington, D.C. 20581; and to (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

4.      The Monitor shall oversee Choi' restitution obligation, and shall have the discretion to determine the manner for distribution of funds in an equitable fashion to Choi's defrauded customers, or may defer distribution until such time as it may deem appropriate.  In the event that the amount of restitution payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative costs of the making a restitution distribution is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Section IV.B., below.

5.      To the extent that any funds accrue to the U.S. Treasury as a result of the Restitution Obligation in this Order, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in paragraph 4 above.

**B.      Civil Monetary Penalty**

6.      Choi shall pay to the CFTC a civil monetary penalty in the amount of $1,000,000, plus post-judgment interest (the "CMP Obligation").

7.      Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961(a).

8.      Choi's CMP Obligation is immediately due and owing.

9.      Choi shall pay this CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

made other than by electronic funds transfer, the payment shall be made payable to the

Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn:  Marie Bateman – AMZ-300
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-6569

If payment is to be made by electronic funds transfer, Choi shall contact Marie Bateman or her

successor at the above address to receive payment instructions and shall fully comply with those

instructions.  Choi shall accompany payment of the penalty with a cover letter that identifies

Choi, and the name and docket number of this proceeding.  Choi shall simultaneously transmit

copies of the cover letter and the form of payment to: a) the Director, Division of Enforcement,

Commodity Futures Trading Commission, Three Lafayette Centre, 1151 21st Street, NW,

Washington, DC 20581; and b) the Chief, Office of Cooperative Enforcement, Division of

Enforcement, at the same address.

### C.  Priority of Monetary Penalties and Partial Payments

10.     All payments by Choi pursuant to this Order shall first be applied to satisfaction

of the Restitution Obligation, consistent with the authority granted the Monitor in Part IV.A.,

above.  After satisfaction of the Restitution Obligation, payments by Defendant pursuant to this

Order shall be applied to satisfy Choi's CMP Obligation.

11.     Any acceptance by the Commission and/or the Monitor of partial payment from

Choi of the Restitution Obligation and/or CMP Obligation shall not be deemed a waiver of

Choi's obligation to make further payments pursuant to this Order, or a waiver of the

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

Commission's and Monitor's right to seek to compel payment from Choi of any remaining balance.

**D.      Transfer of Assets**

12.      Within five (5) business days following the date of entry of this Order, Choi shall (i) transfer to the territory of the United States and deliver according to the procedures established in Section IV herein all funds, documents, and assets located in foreign countries including, but not limited to, South Korea, that are held by him, for his benefit, or under his direct or indirect control, whether jointly or singly, and (ii) provide the CFTC and the State of California access to all records of Choi held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

13.      Choi shall not transfer, or cause others to transfer, funds or other property to the custody, possession, or control of any members of his family or any other person or entity for the purpose of concealing such funds from this Court, the CFTC, or the State of California until his restitution obligation in Section IV herein and civil monetary penalty obligation in this Order have been satisfied in full.

**E.      Cooperation**

14.      Choi shall cooperate fully with the CFTC, the State of California, and any other government agency seeking to enforce the restitution and civil monetary penalty provisions of this Order by providing any requested information relating to his financial status including, but not limited to, income and earnings, assets, financial statements, asset transfers, tax returns and assets held by him in foreign countries including, but not limited to, South Korea.

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

**F.   Equitable Relief Provision**

15.   The equitable relief provisions of this Order shall be binding upon Choi and any person who is acting in the capacity of officer, agent, employee, servant, or attorney of Choi, and any person acting in active concert or participation with Choi who receives actual notice of this Order by personal service or otherwise.

## V.  MISCELLANEOUS PROVISIONS

**IT IS FURTHER ORDERED THAT:**

1.   <u>Jurisdiction of this Court</u>:  This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

2.   <u>Notices</u>:  All notices required by this Order shall be sent by certified mail, return receipt requested.  Choi shall provide the CFTC and the State of California ,with written notice of all changes to his contact telephone number(s) and/or mailing address(es) within ten (10) calendar days of the change(s).

3.   <u>Waiver</u>:  The failure of any party to this Order or of any customer at any time to require performance of any provision of this Order shall in no manner affect the right of the party or customer to enforce the same or any other provision of this Order at a later time.  No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

4.   <u>Invalidation</u>:  If any provision, or the application of any provision, of this Order is held invalid, the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

5.      <u>Successors and Assigns</u>:  This Order shall inure to the benefit of and be binding upon the successors, assigns, heirs, beneficiaries, and administrators of all parties to this Order.

6.      <u>Integration</u>:  This Order incorporates all of the terms and conditions of the settlement of the parties to this Order.  Nothing shall serve to amend or modify this Order in any respect, unless:  (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

7.      <u>Counterparts and Facsimile Execution</u>:  This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this Agreement that is delivered by facsimile shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

8.      <u>Entry of Judgment</u>:  There being no just cause for delay, the Clerk of the Court shall enter final judgment against Choi forthwith and without further delay.

SO ORDERED, at Los Angeles, California on this 21st day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE

**Make JS-6**

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

Consented to:

DEFENDANT:


_____/S/_____   Dated: July 25, 2008
Jinsup Choi (a/k/a Gene Choi, d/b/a Futures
Investment Group)


PLAINTIFF U.S. COMMODITY FUTURES
TRADING COMMISSION


By: ___/S/_____   Dated: August 26, 2008
     Kim G. Bruno (*pro hac vice*)
     Kathleen M. Banar (*pro hac vice*)
     U.S. Commodity Futures Trading
     Commission
     1155 21st Street N.W.
     Washington, D.C. 20581

     Local Counsel

     Kent A. Kawakami  (Cal. Bar No. 149803)
     Assistant United States Attorney
     United States Attorney's Office
     Central District of California
     300 N. Los Angeles St., #7516
     Los Angeles, CA 90012


PLAINTIFF COMMISSIONER OF
CORPORATIONS OF THE STATE OF
CALIFORNIA


By: _____/S/_____   Dated: August 25, 2008
     Blaine A. Noblett (Cal. Bar No. 235612)
     Corporations Counsel
     Enforcement Division
     320 West 4th St., Ste. 750
     Los Angeles, CA 90013-2344

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

AUG. 25. 2008 12:25PM      OF CORPORATIONS                    NO. 0591   P. 3

Consented to:

DEFENDANT:

_____   Dated: 7/25/08
Jinsup Choi (a/k/a Gene Choi, d/b/a Futures
Investment Group)

PLAINTIFF U.S. COMMODITY FUTURES
TRADING COMMISSION

By:_____   Dated: 8/26/08
Kim G. Bruno (*pro hac vice*)
Kathleen M. Banar (*pro hac vice*)
U.S. Commodity Futures Trading
Commission
1155 21st Street N.W.
Washington, D.C. 20581

Kent A. Kawakami  (Cal. Bar No. 149803)
Assistant United States Attorney
United States Attorney's Office
Central District of California
300 N. Los Angeles St., #7516
Los Angeles, CA 90012

PLAINTIFF COMMISSIONER OF
CORPORATIONS OF THE STATE OF
CALIFORNIA

By:_____   Dated: 8/25/08
Blaine A. Noblett (Cal. Bar. No. 235612)
Corporations Counsel
Enforcement Division
320 West 4th St., Ste. 750
Los Angeles, CA 90013-2344

Page 19 of 19

*Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief*

AUG 25 2008 15:41                                            PAGE.03